ALAN I. NAHMIAS (SBN 125140)
SCOTT H. NOSKIN (SBN 164923)
MIRMAN, BUBMAN & NAHMIAS, LLP
21860 Burbank Boulevard, Suite 360
Woodland Hills, CA  91367
Phone:  818-451-4600
FAX:    818-451-4620
Email: anahmias@mbnlawyers.com
       snoskin@mbnlawyers.com

Attorneys for Creditor, Rebecca Lim

**FILED & ENTERED**

**JUL 08 2020**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** bakchell  **DEPUTY CLERK**

**CHANGES MADE BY COURT**

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>ANGELICA VALDEZ,<br><br>  Debtor. | Case No.: 2:18-bk-23760-RK<br><br>Chapter 7<br><br>ORDER DENYING, WITHOUT PREJUDICE, MOTION OF REBECCA LIM FOR RELIEF FROM DISCHARGE INJUNCTION AND DETERMINATION THAT INJUNCTION IS INAPPLICABLE<br><br>Date:  July 7, 2020<br>Time:  2:30 p.m.<br>Ctrm:  1675 |

The hearing on the Motion of Rebecca Lim for Relief from Discharge Injunction and Determination that Injunction is Inapplicable ("Motion") came on regularly for hearing before this Court, the Honorable Robert N. Kwan presiding.  Appearing on behalf of Movant, Rebecca Lim, was Alan I. Nahmias of Mirman, Bubman & Nahmias, LLP.  John P. Kreis of John P. Kreis, PC appeared on behalf of Debtor, Angelica Valdez.

//

//

1

{00615850}

Based upon the pleadings on file herein, the argument of the parties at the time of the hearing, and good cause appearing therefor, the Court denies the Motion, without prejudice, based upon its Tentative Ruling, a copy of which is attached hereto and incorporated by this reference.

IT IS SO ORDERED.

###

Date: July 8, 2020

_____
Robert Kwan
United States Bankruptcy Judge

2

{00615850}

Attachment – Revised Tentative Ruling as of 7/6/20

Revised tentative ruling as of 7/6/20.  Although the court agrees with movant's position that service of the motion is not required on the insurer since the issue of the scope of the debtor's discharge only directly affects the debtor and thus does not "offend fundamental notions of due process" as to the insurer, the court agrees with the debtor that an adversary proceeding is required here because movant seeks declaratory relief regarding the scope of the discharge which is covered by FRBP 7001(9).  According to the Bankruptcy Appellate Panel of the Ninth Circuit in In re Munoz, 287 B.R. 546, 551 (9th Cir. BAP 2002), it was error to ignore the requirement of an adversary proceeding to grant declaratory relief regarding the scope of the discharge, though it was harmless error in that case where the record of the proceeding was developed to a sufficient degree that the record would not have been materially different, the error would not have affected the substantial rights of the parties and was not inconsistent with substantial justice.  Cf. In re Jahr, BAP No. EW-11-1538-MkHJu, 2012 WL 3205417 (9th Cir. BAP 2012).  It is arguable that the same result should be reached here since the court does not see how this case materially differs from Munoz, but the court feels that the proper procedure should be respected, and an adversary proceeding is required by FRBP 7001(9), though the matter would likely be decided on a motion for judgment on the pleadings since it appears that there are only legal issues to be resolved.  In re Munoz, 287 B.R. at 554-555; In re Beeney, 142 B.R. 360, 362-363 (9th Cir. BAP 1992); see also, Blixseth v. Credit Suisse, 961 F.3d 1074, 1083-1084 (9th Cir. 2020) (observing "[a] bankruptcy discharge thus protects the debtor from efforts to collect the debtor's discharged debt indrectly and outside of the bankrupcty proceedings; it does not, however, absolve a non-debtor's liabilities for that *same* 'such' debt.")(construing 11 U.S.C. 524(a) and (e) as to an exculpation clause in a Chapter 11 reorganization plan releasing liabilities arising from the bankrupcty proceedings and not the discharged debt; italics in original).

In light of this tentative ruling, the court need not rule upon the debtor's evidentiary objections to the declaration of John P. Rosenberg.

Deny the motion without prejudice because an adversary proceeding under FRBP 7001(9) is required.  However, no notice in the adversary proceeding needs to be given to the insurer as argued by debtor.

Deny movant's request to grant her motion as a motion for stay relief without prejudice because: (1) the request is procedurally improper to raise a new argument or matter in a reply as indicated by LBR 9013-1(g); and (2) the motion does not give fair notice of the stay relief sought by movant to all the parties in interest, including the trustee, as required by FRBP 4001, LBR 4001-1 and 9013-1.

Appearances are required on 7/7/20, but counsel and self-represented parties must appear by telephone.

TO PARTIES WHO INTEND TO APPEAR AT THE HEARING ON THIS MATTER:

3

{00615850}

PLEASE TAKE NOTICE that the court hearing before Judge Robert Kwan of the United States Bankruptcy Court for the Central District of California will be conducted telephonically.  However, instead of having to physically appear in court, you must appear by telephone because the court is not conducting in person hearings on that date in light of the public health conditions from the COVID-19 pandemic.  The courtroom will be locked; parties must appear by telephone and will not be permitted to appear in the courtroom.

In order to appear for the court hearing by telephone, you will need to arrange to make the telephone call through CourtCall, the contract telephone appearance service, which arranges telephone appearances before this court.  CourtCall's telephone number is: (866) 582-6878.  Through August 31, 2020, CourtCall is offering discounted rates to attorneys and FREE access for parties who do not have an attorney (pro se or self-represented parties).  You need make an advance reservation with CourtCall to appear by telephone before the hearing, preferably a week before the hearing, and no later than the day before the hearing.  After you made your telephone appearance reservation with CourtCall, on the day of the court hearing, you will need to call  CourtCall at its telephone number at least 15 minutes before the scheduled hearing, and identify the United States Bankruptcy Court in Los Angeles as the court and Judge Robert Kwan as the judge, and the CourtCall operator will put you into the telephonic court hearing.  Given the large demand for telephone court appearances, there may be some delay in connecting to the hearing.  If you are having problems connecting to the hearing, please call and advise Judge Kwan's courtroom deputy at (213) 894-3385.

{00615850}